IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VANIA DE ARMAS RAMOS,

    Petitioner,

v.                                              No. 26-cv-00455-KG-KRS

PAMELA BONDI, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Petitioner Vania De Armas Ramos' Motion to Enforce Judgment, Doc. 10, and the Government's Response in Opposition, Doc. 16.  Petitioner contends that the bond hearing held after the Court's prior order, Doc. 9, did not comply with the due process requirements set forth in that order.  After reviewing the parties' submissions and a transcript of the bond hearing, the Court denies the motion to enforce.

## I.    *Background*

Petitioner, a citizen of Cuba, entered the United States in 2023 on parole.  Doc. 1 at 4.  In 2024, an Immigration Judge ("IJ") "granted a motion to dismiss Petitioner's removal proceedings without prejudice," recognizing that she "had been paroled by DHS, is a Cuban national, and would become prima facie eligible for adjustment of status under the Cuban Adjustment Act."  *Id.* at 4–5.  After residing in the United States for more than one year as a paroled Cuban national, Petitioner applied for lawful permanent residence under the Cuban Adjustment Act ("CAA").  *Id.* at 5.

On August 5, 2025, "following a minor traffic accident involving property damage," Immigration and Customs Enforcement ("ICE") agents took Petitioner into custody.  *Id.*  She remains detained at the Otero County Processing Center in Chaparral, New Mexico.  *Id.*  On January 16, 2025, an IJ pretermitted her application for asylum and related protection and ordered

1

her removed to Ecuador.  *Id.* at 6.  Petitioner timely filed a Notice of Appeal to the Board of Immigration Appeals ("BIA").  *Id.*

The Court held that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  Doc. 9 at 2, 4.  The Court ordered the Government to provide a bond hearing within seven days, at which it had the burden to justify his continued detention by clear and convincing evidence, or release her.  *Id.* at 5.

An Immigration Judge ("IJ") presided over the hearing on March 10, 2026.  *See* Doc. 15-1. During the hearing, the IJ explicitly held that this Court "is shifting the burden to DHS to prove danger to community and flight risk."  *Id.* at 4.  The IJ found "by clear and convincing evidence that" Petitioner is a flight risk.  *Id.* at 6.  Petitioner moves to enforce the Court's prior order, arguing that the IJ failed to shift the burden to the Government.  *See generally* Doc. 15.

## II.     *Analysis*

The Court concludes that (A) it has jurisdiction to consider Petitioner's claim, and (B) the bond proceeding complied with this Court's prior order.

### A.     *The Court has jurisdiction to consider Petitioner's motion.*

Before reaching the merits, the Court must address the Government's argument that it lacks jurisdiction to consider Petitioner's claim.  *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (a federal court has an independent obligation to assure itself of subject matter jurisdiction).  Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of" 8 U.S.C. § 1226 is "not...subject to review," and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien."  But § 1226(e) does not eliminate "habeas jurisdiction over constitutional claims or questions of law."  *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *see also Miranda v. Garland*, 34 F.4th 338, 351 (4th Cir. 2022) (same).  Accordingly, §1226(e) does not

strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)." *Miranda*, 34 F.4th at 352; *see also Singh v. Holder,* 638 F.3d 1196, 1200–02 (9th Cir. 2011) (collecting cases and holding that § 1226(e) does not limit federal court's jurisdiction to review bond hearing determinations for constitutional claims or legal error). This framework also reflects a district court's authority to ensure compliance with its own habeas orders. *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").

Under these principles, the Court has jurisdiction to determine whether the IJ complied with the due process requirements here. Petitioner does not challenge the IJ's discretionary weighing of the evidence or the ultimate bond determination. Rather, she raises a constitutional claim that the IJ failed to follow the due process requirements set forth by this Court when denying bond.

### B.      *The bond hearing comported with due process.*

Nonetheless, Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order. Under ordinary circumstances, "the burden" at a § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted. *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.). In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government. Doc. 9 at 4–5. Nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework. To the contrary, the IJ explicitly referred to this Court's order and acknowledged that DHS bore the burden of justifying detention. *See* Doc. 15-1 at 4. This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures are followed. A review of the bond determination is for the BIA.

### III.    *Conclusion*

Petitioner's Motion to Enforce this Court's prior habeas order is denied.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

4